**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff(s),<br><br>v.<br><br>Allexxis Olonna Smith,<br><br>Defendant(s). | Case No. 5:10-cr-00009-VAP-12<br><br>**Order GRANTING IN PART Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 562)** |

Defendant Allexxis Olonna Smith ("Defendant") filed an "Application for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (hereinafter "Motion"), on November 20, 2023. (Dkt. No. 1155.) Having considered the papers filed in support of, and in opposition to, the Motion, the Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15 and DENIES the Motion for the following reasons.

## I. BACKGROUND

On June 21, 2011, Defendant pled guilty to the following two counts charged in the First Superseding Indictment: count one, Racketeering Influenced and Corrupt Organization ("RICO") conspiracy, in violation of 18 U.S.C. § 1962(d); and count six, conspiracy to distribute and possess with intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 846. (*See* Dkt. Nos. 439, 447.)

On January 23, 2012, the Court sentenced Defendant to a term of imprisonment of 132 months on each of counts one and six of the First Superseding Indictment, to be served concurrently, and run consecutively to the sentence imposed in the state court conviction in Riverside Superior Court under Case No. RIF 152653, followed by a 5-year term of supervised release. (Dkt. No. 672.) Defendant did not appeal her conviction or sentence directly nor did she challenge it collaterally.

On August 18, 2021, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. No. 1061), and the Court denied her motion on December 1, 2021. (Dkt. No. 1071.)

Defendant filed the instant Motion on November 20, 2023. (Dkt. No. 1155.) In support of the Motion, Defendant filed the Declaration of Kameron Johnston attaching Exhibits 1 through 21. (*Id*.) The Government filed its Opposition and Rule 35(b) Motion for Reduction in Sentence ("Rule 35(b) Motion"), on December 14, 2023. (Dkt. No. 1171.) Defendant filed a Reply and Response to Government's Rule 35(b) Motion, on May 30, 2023. ("Reply," Dkt. No. 577.)

Defendant has been in federal custody since August 4, 2020, and she is currently housed at Federal Correctional Institute in Dublin, California ("FCI Dublin"). (Dkt. No. 1155.) Defendant's projected release date is September 10, 2028 and she has served approximately 32 percent of her

1  132-month sentence.  U.S. Bureau of Prisons, Inmate Locator, *available at*
2  https://www.bop.gov/inmateloc/ (last accessed Jan. 29, 2024).

## I. LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations omitted).  Compassionate release under 18 U.S.C. § 3582(c) is one of the "few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).

Section 3582(c) permits compassionate release when three conditions are met:  "First, as a threshold matter, the statute requires defendants to exhaust administrative remedies.  Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' and 'such reduction is consistent with applicable policy statements issued by the Sentencing Commission.'  Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'"  *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (quoting 18 U.S.C. § 3582(c)(1)(A)).  District courts have "broad discretion" in deciding whether or not to allow compassionate release.  *United States v. Fower*, 30 F.4th 823, 827 (9th Cir. 2022).

In April 2023, the United States Sentencing Commission promulgated amendments to the sentencing guidelines and policy statements, which

became effective on November 1, 2023.  *See Sentencing Guidelines for United States Courts*, 88 Fed. Reg. 28254 (May 3, 2023); U.S. SENT'G COMM'N, GUIDELINES MANUAL (Nov. 2023).  The current policy statement expands the circumstances that constitute "extraordinary and compelling reasons" under Section 3582(c)(1)(A) to six categories: (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons that are "similar in gravity" to the prior four categories, and (6) unusually long sentence.  U.S.S.G. §1B1.13(b)(1)-(6) (Nov. 2023).  Under the current policy statement, a defendant must show that they are "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(2).

For a motion made under § 3582(c)(1)(A), "[t]he defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction."  *United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

Before moving the court for compassionate release under Section 3582(c)(1)(A), a defendant must exhaust all administrative remedies or wait 30 days after making a request for compassionate release to the warden of her facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A); *see United States v. Keller,* 2 F.4th 1278, 1282 (9th Cir. 2021).  Here, Defendant has

4

1  exhausted her administrative remedies.  Defendant submitted a request for
2  compassionate release to the warden of FCI Dublin on September 29, 2023,
3  (Ex. 1, Dkt. No. 1155 at 41-46), and it was received by the Bureau of
4  Prisons on October 1, 2023.  (Ex. 2, Dkt. No. 1155 at 48.)  Defendant's
5  Motion was filed thirty days after the request without any response from the
6  Bureau of Prison.  (Dkt. No. 1155 at 20-21.)

### B.  Extraordinary and Compelling Reasons

Defendant moves for compassionate release under 18 U.S.C. § (c)(1)(A) based on the brutal abuse she suffered during her incarceration. Specifically, Defendant asserts the sexual abuse, the threat of retaliation and psychological trauma she endured while incarcerated at FCI Dublin constitute "compelling and extraordinary reasons" for compassionate release.

In opposition, the Government concedes Defendant suffered "disturbing and unacceptable" treatment, however, argues that her circumstances do not present an "extraordinary and compelling reason" under the current policy statement applicable to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 1171 at 11-13.)  The Government does concede that a reduction of sentence is warranted under Federal Rule of Criminal Procedure 35(b) and proposes a reduction of Defendant's sentence to a 78-month term of imprisonment. (*Id.* at 13-16.)

Here, Defendant has established "extraordinary and compelling" circumstances to justify a reduction in her sentence.  United States Sentencing Guideline Section 1B1.13(b) was amended to include a

correctional officer's sexual abuse as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(4). Section 1B1.13(b) also includes a catch-all provision that allows a court to find extraordinary and compelling reasons exist where a "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

The Government argues that the brutal abuse suffered by Defendant does not qualify as an "extraordinary and compelling reason" under Section 1B13(b)(4) "because it did not involve either physical abuse resulting in serious bodily injury or a 'sexual act' as defined in 18 U.S.C. § 2246(2), which cabins that definition to instances involving physical sexual contact." (Dkt. No. 1171 at 12.) The Government further contends that the abuse does not fall under the catch-all provision of Section 1B1.13(b)(5). The Court disagrees.

Defendant was a victim of sexual abuse while serving her term of imprisonment. Here, Defendant suffered humiliating, degrading, and brutally offensive abuse on an ongoing basis by a federal correctional officer who was entrusted with her care. When the Court sentenced the Defendant, it did not contemplate that Defendant would have to serve her sentence while being subject to such abuse. While the abuse suffered by Defendant does not strictly meet the definition of Section 1B1.13(b)(4) as the Government argues, the Court finds that it is "similar in gravity to" the

victimization described in that Section and constitutes an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(5).

Case law also supports a finding that Defendant's situation is extraordinary and compelling as courts have recognized custodial abuse as grounds for compassionate release. *See United States v. Bray*, No. 2:11-cr-20206-SHM-tmp (W.D. Tenn. May 3, 2023), Dkt. No. 145; *United States v. Brocoli*, 543 F. Supp. 3d 563, 567-70 (E.D. Ohio 2021) (granting compassionate release based on abuse and victimization while in prison). Courts have also recognized the extraordinary and compelling nature of the circumstances created by the FCI Dublin sexual abuse scandal and have granted relief to similarly situated individuals. *See United States v. Chavira*, No. 18-CR-4216-CAB, 2023 WL 3612389, at *1 (S.D. Cal. May 23, 2023) (granting compassionate release to FCI Dublin sexual abuse survivor); *United States v. Christina Smith*, No. 1:20-cr-00253-ADA-BAM-2, 2023 WL 5487308, at *1 (E.D. Cal. Aug. 24, 2023) (granting compassionate release to a FCI Dublin sexual assault survivor).

Accordingly, Defendant has shown extraordinary and compelling reasons justify a reduction of her sentence.

**C. Section 3553(a) Factors**

The § 3553(a) factors also weigh in favor of a reduction of Defendant's sentence. The relevant factors here are: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of

7

the offense, to promote respect for the law, and to provide just punishment"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes"; and to provide the defendant with correctional treatment in the most effective manner.  18 U.S.C. § 3553(a).

The nature of Defendant's crime is serious.  Defendant was an associate of the Eastside Riva gang ("ESR"), and was involved in at least two racketeering acts in the conduct of the ESR's activities.  (Dkt. 439 at 20, 24.)  "The ESR is an organization engaged in, among other things, conspiracy to distribute controlled substances and distribution of controlled substances."  (*Id*. at 20.)  As an associate, Defendant supplied methamphetamine to Eastside Riva members and associates, who then sold the drugs on the gang's behalf.  (*Id*. at 24; Dkt. 1171 at 6.)  According to the Presentence Report, however, Defendant was a "small time player within the scheme and she was not found to be moving large quantities of methamphetamine."  (Dkt. No. 488, ¶ 62.)  Defendant was "more of a drug user and addict rather than a distributor" and "she did not receive a substantial amount of the proceeds."  (*Id*.)  Although the nature of the offense is serious, her less culpable role tips in favor of a reduction of sentence.

According to the Presentence Report, Defendant's criminal history is serious.  Defendant was previously convicted of possessing methamphetamine for sale in state court.  (Dkt. No. 488, ¶¶ 81, 84.)  Defendant was also convicted of a brutal and violent carjacking where the victim sustained serious bodily injuries.  (*Id*., ¶ 89.)  Based on two of her

predicate felonies, Defendant was deemed a career offender at sentencing. (*Id*.) Defendant's serious criminal history weighs against early release.

Against this, however, compelling mitigating factors weigh in favor of early release. Defendant lacked parental guidance during her childhood and grew up in dysfunction and instability. (Dkt. 488, ¶ 105.) Defendant was raised by parents who were drug addicts, and due to the pervasiveness of drugs at her home, Defendant began using methamphetamine at the age of 11. (Dkt. 488, ¶¶ 105, 119.) Defendant was 23 years old when she committed the offense, and at that time, she had a history of serious drug addiction, and her addiction may have been the contributing factor to her involvement in the offense. (Dkt. No. 487 at 4; Ex. 15, Dkt. No. 1155 at 97.) Since then, she has made significant efforts to overcome her past adversities while incarcerated.

Defendant is now older and more mature, and she has demonstrated significant growth towards self-improvement. (Ex. 14, Dkt. No. 1155 at 94.) Defendant has taken rehabilitative steps to address her past traumas and drug addiction, which is evidenced by the BOP's records and the numerous program completion certificates submitted in support of her Motion. (Exs 3, 4, Dkt. No. 1155 at 49-64.) Defendant has completed educational courses designed to help her decision-making skills such as the wellness, parenting education, crucial decision making, conflict resolution, channeling stress, rebranding yourself, criminal thinking, anger management, and emotional self-regulation. (See Ex. 14, Dkt. No. 1155 at 55-64.)

Defendant has also taken steps to prepare for successful reentry into the community by focusing on skills for gainful employment.  Defendant has obtained her GED, enrolled in college courses, and sought out opportunities for professional development.  (Ex. 3, Dkt. No. 1155 at 49-54.)  While serving her federal sentence, Defendant works full-time at UNICO and she has thrived in her position.  (Ex. 5, Dkt. No. 1155 at 65-70.)  Her UNICOR work performance evaluation record shows she has been performing her duties above expectation, and "[t]hrough her consistent dedication and hard work, she has advanced to a Production Clerk."  (Id. at 67.)  The evaluation comments also states that Defendant "takes her job seriously, works well with others, and takes all constructive criticism with grace." (*Id*.)  Defendant has enrolled in a "Quality Assurance Certification Course which will equip her with the knowledge and skills for gainful employment" and she "also participates in a Customer Service Representative Apprenticeship" which will improve her skills in sales development.  (*Id*.)  Defendant also has a community of women who are willing to extend support and resources so she can flourish once she is released from prison.  (Exs. 10, 11, 12, 13, Dkt. No. 1155 at 85-92.)  This weighs in favor of a reduction of sentence.

The Court finds that, all these factors considered together with the Government's Rule 35(b) Motion, warrant a reduction of Defendant's sentence of imprisonment from 132 months to 63 months.  At sentencing, based on a total offense level of 34 and a Criminal History category of VI (given her status as a career offender under U.S. Sentencing Guideline § 4B1.1(a)), the advisory Sentencing Guidelines range was 262 to 327 months.  (Dkt. No. 488 at 3.)  The Court sentenced Defendant to 132

months, which was significantly lower than the Guidelines range. The Court now finds that based on the extraordinary and compelling reason and the supporting factors above, a 63-month sentence is sufficient to reflect the seriousness of the offense, provide just punishment, adequately protect the public and deter criminal conduct. The Court further finds that based on Defendant's significant progress in custody, Defendant will not pose a danger to the safety of any other person or the community upon completing her reduced term of imprisonment.

### III.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Compassionate Release. Defendant's sentence of imprisonment is reduced to a term of 63-months. All other terms and conditions of the Judgment and Commitment Order dated January 30, 2012 remain the same with the additional condition: The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04. (*See* Dkt. No. 672.)

**IT IS SO ORDERED.**

Dated:   2/12/24

*Virginia A. Phillips*
Virginia A. Phillips
Senior United States District Judge